VON S. HEINZ
Nevada Bar No. 859
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169
(702) 949-8200
(702) 949-8351 (fax)
Attorneys for Defendant
*Life Insurance Company of North America*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LINDA MURPHY,<br><br>         Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, DOES I-X, ROE CORPORATIONS I-X, inclusive,<br><br>         Defendant. | Case No.  2:13-cv-02295-APG-CWH<br><br>**PARTIES STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER WITH PARTICULAR REPRESENTATIONS AND MODIFICATIONS**<br><br>*SPECIAL SCHEDULING REVIEW REQUESTED* |

Counsel for all parties participated in a conference on March 26, 2014, for purposes of Fed. R. Civ. P. 26(f) and LR 16-1 and 26-1.  This conference was attended by Jared B. Anderson, counsel for Plaintiff Linda Murphy ("Murphy"), and Von S. Heinz, counsel for Defendant Life Insurance Company of North America ("LINA").

At this conference, counsel discussed the disclosure obligations of Fed. R. Civ. P. 26(a)(1) and the remaining issues contemplated by Fed. R. Civ. P. 26(f) and LR 16-1 and 26-1.  Because the insurance at issue in this is governed by a fully-qualified ERISA plan, Fed. R. Civ. P. 26(a)(1)(B)(i) exempts this case from initial disclosure requirements since it is an action for review on an administrative record.

However, as stated below, LINA agrees to provide documents to Murphy and Murphy has agreed to provide documents  to LINA which would otherwise be discoverable under Rule 26(a)(1), constituting the administrative record for this matter on or before April 11, 2014 and

April 25, 2014, respectively.

## A. DOCUMENT DISCLOSURES RE THE ADMINISTRATIVE RECORD

1. LINA agrees to provide to Murphy the documents which comprise the administrative record for the claim for life insurance benefits submitted by Murphy and which would otherwise be discoverable under Rule 26(a), on or before April 4, 2014.

2. Murphy agrees to provide to LINA on or before April 18, 2014, those documents which would otherwise be discoverable under Rule 26(a)(1) and which Murphy believes should be included in the administrative record.

3. Murphy and LINA will confer after April 18, 2014 to determine the agreed-upon contents of the administrative record and, thereafter, on or before April 25, 2014, LINA will manually file the administrative record with the Court, pursuant to the Court's Special Order 109(III)(G)(5), to be redacted for the sole purpose of removing reference to personal identification number and date of birth.

## B. DISCOVERY PLAN AND SCHEDULING

Because ERISA governs this matter, Rule 26(a)(1)(B)(i) governs and the case is exempt from the initial disclosure obligations of Rule 26(a)(1)(a). This case is also to be presented for a summary bench trial. *See Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938 (9th Cir. 1995); *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999) (en banc), *cert. denied*, 528 U.S. 963 (1999); *Nolan v. Heald College*, 551 F.3d 1148 (9th Cir. 2009).

The plaintiff wishes to perform some limited discovery. This discovery consists of written discovery requests and depositions regarding the relationship between the insurer and the plan administrator in order to determine how closely their interests are aligned. The plaintiff also wishes to conduct discovery through written discovery requests and depositions regarding the relationship between the agent who presented the plan to Mr. Kenneth Murphy and accepted his application to sign up for the plan. LINA submits that discovery is inappropriate in an ERISA case, and reserves the right to object to any discovery Plaintiff seeks, as well as object that she is entitled to conduct discovery at all

C. **DEADLINE TO AMEND THE PLEADINGS AND ADD PARTIES**

The parties agree that any request to amend the pleadings must be made within 90 days of the date of the Court's approval of this submission.

D. **INTERIM STATUS REPORT**

The parties shall file an interim status report, required by LR 26-3, by Friday, May 9, 2014.

E. **SETTLEMENT**

Although the likelihood of settlement cannot be presently established, the parties have already discussed case resolution and the possibility of alternative dispute resolution.

F. **PRETRIAL ORDER**

A pretrial order is not necessary for this case, since it is to be tried in accordance with the specialized form of bench trial directed by *Kearney* and *Nolan, supra,* and for the Court's findings of fact and conclusions of law, pursuant to Fed. R. Civ. P. 52.  The parties will submit a proposed trial briefing order, with proposed dates for opening, answering and reply trial briefs, no later than Friday, April 25, 2014.

Dated: March 28, 2014                             Dated: March 28, 2014

STOVALL & ASSOCIATES                      LEWIS ROCA ROTHGERBER LLP

By:*/s/ Jared B. Anderson*                          By: */s/ Von S. Heinz*
    Jared B. Anderson                                       VON S. HEINZ
    Nevada Bar No. 9747                                 Nevada Bar No. 859
    2301 Palomino Lane                                  Suite 600
    Las Vegas, NV 89107                               3993 Howard Hughes Parkway
    *Attorneys for Plaintiff*                                  Las Vegas, Nevada 89169
                                                                      *Attorneys for Defendant*
                                                                      *Life Insurance Company of North America*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

Dated: March 31, 2014 _____